## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| BILL A. VORHES, | ) | |
| | ) | Bankruptcy No. 16-1577 |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| | ) | |
| DAVID A. SERGEANT, | ) | |
| Plaintiff, | ) | Adversary No. 17-9009 |
| | ) | |
| v. | ) | |
| | ) | |
| BLUE MOUNTAIN WAGYU TRUST, | ) | |
| Defendant. | ) | |

## RULING ON MOTION FOR SUMMARY JUDGMENT

These matters came on for telephonic hearing on August 11, 2017. Eric Lam appeared for Trustee David Sergeant. Aaron Blair appeared for Blue Mountain Wagyu Trust ("Blue Mountain"). The parties argued this motion along with a similar summary judgment motion in a related adversary, Sergeant v. B & E Vorhes Trust, No. 17-9007. The parties agreed that the record would remain open until September 7, 2017, when discovery was scheduled to close. The Court took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## STATEMENT OF THE CASE

Debtor transferred real estate to Blue Mountain.  Trustee seeks to recover this property from Blue Mountain as a fraudulent transfer.  Blue Mountain resists. Blue Mountain argues that the real estate was exempt as Debtor's homestead.  Blue Mountain concludes that Debtor was free to transfer it as he chose.

## STATEMENT OF THE FACTS

Debtor owned a ten-acre building site in Floyd County ("the real estate"), which is the subject of this dispute.  Debtor and his wife, Judy Vorhes, have been married since 1970 and have lived on the real estate as their home since 1974. There is no debt on the real estate that existed when they moved onto it in 1974. They do not own other property that could be considered their homestead.

On February 8, 2011, Debtor established Blue Mountain with the assistance of an acquaintance named Marvin Pullman.  Mr. Pullman prepared the documents that established Blue Mountain.  Mr. Pullman is not and has never been licensed to practice law in Iowa.

Jean and Dale Westendorf (Debtor's sister and her husband) were named trustees of Blue Mountain.  Debtor was named general manager and treasurer of Blue Mountain.  Judy Vorhes was named as an assistant manager of Blue Mountain.  In addition, Debtor, Judy Vorhes, and Jean Westendorf were each

2

granted 50 shares of Blue Mountain.  Debtor's children and/or grandchildren were also granted an unquantified number of shares.

On September 7, 2011, Bernice Gill, Debtor's sister, sued Debtor on behalf of Vorhes Ltd.  Bernice argued that Debtor owed Vorhes Ltd. hundreds of thousands of dollars in loans and unpaid farmland rent.

On March 11, 2013, Debtor issued a quitclaim deed purporting to convey the real estate at issue here to Blue Mountain.  On April 6, 2015, the Iowa District Court entered a $462,581.70 judgment against Debtor in favor of Vorhes Ltd.

On December 15, 2016, Debtor filed this Chapter 7 bankruptcy.  On his schedules, Debtor stated that he transferred the real estate to Blue Mountain and received nothing in exchange.

On February 6, 2017, Trustee filed this adversary against Blue Mountain. Trustee seeks to recover the real estate that Debtor transferred to Blue Mountain as a fraudulent transfer.  On July 7, 2017, Trustee filed this motion for summary judgment.  Blue Mountain resists.

## CONCLUSIONS OF LAW AND ANALYSIS

The Bankruptcy Code provides that "the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim."  11 U.S.C. § 544(b)(1).  Under this section, "The trustee steps into the shoes of an

actual unsecured creditor holding an allowed claim and utilizes whatever state or

nonbankruptcy federal law remedies that particular creditor may have." Sergeant

v. OneWest Bank (In re Walter), 462 B.R. 698, 704 (Bankr. N.D. Iowa 2011)

(internal quotation marks omitted).  To use this section, "The trustee must show the

existence of an actual unsecured creditor holding an allowable unsecured claim

who could bring the avoidance action under Iowa fraudulent transfer law."

Sergeant v. G.R.D. Invs. L.L.C. (In re Schaefer), 331 B.R. 401, 416 (Bankr. N.D.

Iowa 2005).   Trustee argues that the Vorhes Ltd. lawsuit that was pending against

Debtor when he made the transfer satisfies this requirement.  Blue Mountain has

not challenged Trustee's ability to bring this action under § 544.  The Court finds

that Trustee is properly using "whatever state or nonbankruptcy federal law

remedies that particular creditor may have."  In re Walter, 462 B.R. at 704.

Here, Trustee seeks to avoid the transfer under Iowa Code § 684.4.  This

Court has held that Iowa Code Chapter 684 is "applicable non-bankruptcy law" for

purposes of avoidance actions under § 544.  Id. at 704–05.  Iowa Code Chapter 684

provides:

> **A transfer made** or obligation incurred **by a debtor is voidable** as to
> a creditor, whether the creditor's claim arose before or after the transfer
> was made or the obligation was incurred**, if the debtor made the
> transfer** or incurred the obligation under any of the following
> circumstances:
> a. **With actual intent to hinder, delay, or defraud** any creditor of the
> debtor.
> . . . .

4

2. **In determining actual intent** under subsection 1, paragraph "a", **consideration may be given, among other factors, to whether** any or all of the following apply:

**a. The transfer or obligation was to an insider.**

**b. The debtor retained possession or control of the property transferred after the transfer.**

c. The transfer or obligation was disclosed or concealed.

**d. Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.**

e. The transfer was of substantially all the debtor's assets.

f. The debtor absconded.

g. The debtor removed or concealed assets.

**h. The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.**

i. The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.

j. The transfer occurred shortly before or shortly after a substantial debt was incurred.

k. The debtor transferred the essential assets of the business to a lienor that transferred the assets to an insider of the debtor.

Iowa Code § 684.4 (emphasis added).

"A finding of fraudulent intent is a factual finding and can be inferred from the circumstances surrounding the transfer." Schnittjer v. Houston (In re Houston), 385 B.R. 268, 272 (Bankr. N.D. Iowa 2008). "The convergence of several badges or indices may support an inference of fraud, which grows in strength as the badges increase in number." Schlichte v. Schlichte, 858 N.W.2d 36, 2014 WL 5243375, at *4 (Iowa Ct. App. 2014) (internal quotation marks omitted). Four of the badges of fraud set out in Iowa Code § 684.4 are enough to support a finding of actual intent to hinder, delay, or defraud creditors. Johnson v. Ventling, 852

N.W.2d 20 (Iowa Ct. App. 2014).  In making a determination of actual intent,

"Courts evaluate the circumstances of a transaction as a whole."  Quad City Bank

v. Berstler (In re Chapman Lumber Co., Inc.), Bankr. No. 05-00408, 2007 WL

2316528, at *3 (Bankr. N.D. Iowa Aug. 8, 2007).

As Debtor points out, however, Iowa Courts have made clear that a transfer

of **exempt** property is not fraudulent: "[D]ebtors have a legal right to convey

exempt property regardless of their motive."  Benson v. Richardson, 537 N.W.2d

748, 757 (Iowa 1995); see also Sergeant v. G.R.D. Invests. L.L.C. (In re Schaefer),

331 B.R. 401, 415 (Bankr. N.D. Iowa 2005) (discussing Iowa fraudulent transfer

law and noting, "If property is already beyond the reach of creditors, it is difficult

to imagine a transfer of the property that operates to the prejudice of the rights of

creditors.").

Trustee moved for summary judgment on his Iowa Code § 684.4 claim as to

Debtor's transfer of the real estate to Blue Mountain.  Federal Rule of Civil

Procedure 56 states: "The court shall grant summary judgment if the movant shows

that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law."  Fed. R. Civ. P. 56(a).  This rule applies in adversary

proceedings.  Fed. R. Bankr. P. 7056.

Blue Mountain argues that the interest that Debtor transferred to Blue

Mountain (his interest in the real estate) was exempt as his homestead.  Blue

Mountain concludes that, whatever Debtor's motive for transferring his interest in the real estate, it was per se not a fraudulent transfer under Iowa law.

Trustee does not address whether the real estate was exempt as Debtor's homestead. In fact, in Trustee's deposition, he admits that, although he knew that Debtor lived on the property, he did not investigate whether the property was Debtor's homestead. The record remains unclear whether Trustee disputes Debtor's assertion of this homestead exemption issue.

Either way, however, summary judgment must be denied. If Trustee disputes whether the real estate was Debtor's homestead, there is a genuine issue of material fact for trial on the homestead issue. If Trustee agrees that the real estate was Debtor's homestead, Trustee is not entitled to judgment as a matter of law—because "debtors have a legal right to convey exempt property regardless of their motive." Benson, 537 N.W.2d at 757. Thus, the Court must deny summary judgment. The Court will set a status conference by separate order to discuss whether Trustee is challenging the homestead assertion.

## CONCLUSION

**WHEREFORE**, Trustee's Motion for Summary Judgment is DENIED.

Dated and Entered:

THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE