IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| BILL A. VORHES, ) | |
| ) | Bankruptcy No. 16-1577 |
| Debtor. ) | |
| ) | |
| ) | |
| DAVID A. SERGEANT, ) | |
| Plaintiff, ) | Adversary No. 17-9009 |
| ) | |
| v. ) | |
| ) | |
| BLUE MOUNTAIN WAGYU TRUST, ) | |
| Defendant. ) | |

**RULING ON MOTION FOR SUMMARY JUDGMENT (11 U.S.C. § 548(e))**

This case came on for a telephonic hearing on February 12, 2018. Eric Lam appeared for Trustee David Sergeant ("Trustee"). Michelle LaGrotta appeared for Blue Mountain Wagyu Trust ("Blue Mountain"). At the hearing, the parties and the Court discussed the motion and established a briefing schedule. The matter is now ready for decision. This is a core proceeding under 28 U.S.C. § 157(b)(2).

**STATEMENT OF THE CASE**

Debtor transferred real estate to Blue Mountain before filing bankruptcy. Trustee seeks to avoid that transfer under § 548(e). Blue Mountain argues that the transfer was ineffective, that Debtor did not make the transfer with the requisite intent, and that the real estate was exempt and not subject to an avoidance action.

**FACTS, BACKGROUND, AND ARGUMENTS**

Debtor owned a ten-acre building site in Floyd County ("the real estate"), which is the subject of this dispute. Debtor and his wife, Judy Vorhes, have been married since 1970 and have lived on the real estate as their home since 1974. No debt existed on the real estate when they moved onto it in 1974. They do not own other property that could be considered their homestead.

On February 8, 2011, Debtor established Blue Mountain with the assistance of an acquaintance named Marvin Pullman. Mr. Pullman prepared the documents that established Blue Mountain. Mr. Pullman is not and has never been licensed to practice law in Iowa.

Jean and Dale Westendorf (Debtor's sister and her husband) were named trustees of Blue Mountain. Debtor was named general manager and treasurer of Blue Mountain. Judy Vorhes was named as an assistant manager of Blue Mountain. In addition, Debtor, Judy Vorhes, and Jean Westendorf were each granted 50 shares of Blue Mountain. Debtor's children and/or grandchildren were also granted an unquantified number of shares.

On September 7, 2011, Bernice Gill, Debtor's sister, sued Debtor on behalf of Vorhes Ltd. Bernice argued that Debtor owed Vorhes Ltd. hundreds of thousands of dollars in loans and unpaid farmland rent.

On March 11, 2013, Debtor issued a quitclaim deed conveying the real estate to Blue Mountain. On April 6, 2015, the Iowa District Court entered a $462,581.70 judgment against Debtor in favor of Vorhes Ltd. On December 15, 2016, Debtor filed this Chapter 7 bankruptcy. On his schedules, Debtor stated that he transferred the real estate to Blue Mountain and received nothing in exchange.

On February 6, 2017, Trustee filed this adversary against Blue Mountain, seeking to recover the real estate that Debtor transferred to Blue Mountain. On July 7, 2017, Trustee filed a motion for summary judgment. On February 5, 2018, the Court denied that motion for summary judgment as to Trustee's cause of action based on 11 U.S.C. § 544(b) and Iowa Code § 684.4. Sergeant v. Blue Mountain Wagyu Tr. (In re Vorhes), Bankr. No. 16-1577, Adv. No. 17-9009, 2018 WL 799151, at *2–3 (Bankr. N.D. Iowa Feb. 5, 2018). In particular, the Court found that "a transfer of exempt property is not fraudulent" under Iowa Code § 684.4. In re Vorhes, 2018 WL 799151, at *2. The Court found that the record was unclear about whether Trustee agreed that the real estate was Debtor's homestead but found that "either way . . . summary judgment must be denied." Id. at *3. The Court did not address Trustee's cause of action based on 11 U.S.C. § 548(e).

On February 8, 2018, Trustee filed this Motion for Summary Judgment (11 U.S.C. § 548(e)). Trustee again seeks to recover the real estate that Debtor transferred to Blue Mountain under § 548(e). Trustee argues that the undisputed

3

facts meet the elements of 11 U.S.C. § 548(e).  Trustee also argues that <u>Lumbar v. Welsh</u> (<u>In re Lumbar</u>), 457 B.R. 748,753 (B.A.P. 8th Cir. 2011), shows that the Trustee can avoid transfers of exempt property under 11 U.S.C. § 548(e).  Trustee asks the Court to avoid the quitclaim deed from Debtor to Blue Mountain.

    Blue Mountain objects.  Blue Mountain argues that Trustee failed to establish the necessary elements of 11 U.S.C. § 548(e).  First, Blue Mountain argues that there was no transfer.  Blue Mountain argues that the transfer is void under Iowa Code § 561.13 because Debtor's spouse did not sign the deed.  Second, Blue Mountain argues that Trustee did not show that "the debtor made such transfer with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made, indebted." 11 U.S.C. § 548.  Blue Mountain argues that the Trustee provided no evidence on this required element.  Finally, Blue Mountain argues that the property was exempt as Debtor's homestead when he transferred it.  Blue Mountain attempts to distinguish <u>In re Lumbar</u> on the basis that the Court in that case addressed an action under 11 U.S.C. § 548(a), not § 548(e).

    Trustee replies that the doctrine of judicial admissions bars Blue Mountain from arguing that the transfer did not occur.  Trustee also argues that the undisputed facts show that Debtor made the transfer with the requisite intent. Trustee relies on two nearly identical adversaries in this same bankruptcy where

this Court found as a matter of law that Debtor made the transfers with "actual intent to hinder, delay, or defraud." Sergeant v. B & E Vorhes Tr. (In re Vorhes), Bankr. No. 16-1577, Adv. No. 17-9007, 2017 WL 6550497 (Bankr. N.D. Iowa Dec. 20, 2017); Ruling on Motion for Summary Judgment, Sergeant v. Iowa Connection Tr. (In re Vorhes), Bankr. No. 16-1577, Adv. No. 17-9008, (Doc. 51) (Bankr. N.D. Iowa Feb. 5, 2018). Trustee also argues that In re Lumbar applies to this case and allows recovery of exempt property. Trustee concludes that the transfer is avoidable under § 548(e).

## CONCLUSIONS OF LAW AND ANALYSIS

Trustee moved for summary judgment. Federal Rule of Civil Procedure 56 states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This rule applies in adversary proceedings. Fed. R. Bankr. P. 7056.

Trustee seeks to avoid Debtor's transfer of real estate to Blue Mountain under 11 U.S.C. § 548(e). That section provides:

> In addition to any transfer that the trustee may otherwise avoid, the trustee may avoid any transfer of an interest of the debtor in property that was made on or within 10 years before the date of the filing of the petition, if—
> (A) such transfer was made to a self-settled trust or similar device;
> (B) such transfer was by the debtor;
> (C) the debtor is a beneficiary of such trust or similar device; and

5

> (D) the debtor made such transfer with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made, indebted.

11 U.S.C. § 548. The parties dispute two of these elements: (1) whether a transfer occurred, and (2), whether Debtor made the transfer at issue "with actual intent to hinder, delay, or defraud." The Court will address these issues in turn.

### I.    Transfer

Blue Mountain argues that Debtor's transfer of the real estate did not actually occur because, under Iowa Code § 561.13, the transfer of a homestead is not valid unless the owner's spouse also executes the document. Debtor's spouse did not sign the quitclaim deed that purported to transfer the real estate to Blue Mountain. Blue Mountain concludes that the transfer never occurred. Blue Mountain's position is that the real estate remained Debtor's until he filed bankruptcy, when it became part of the bankruptcy estate. Blue Mountain claims it is now exempt as Debtor's homestead.

Trustee argues that the doctrine of judicial admissions bars Blue Mountain from denying that a transfer occurred. Trustee notes that, in Blue Mountain's answer, it "admits . . . property . . . was transferred to Blue Mountain." Trustee argues that this clear judicial admission now bars Blue Mountain from asserting that the transfer was invalid or did not occur. Trustee relies on the following persuasive authority in support of this position:

6

> It is well-settled law that admissions in an answer are deemed judicial admissions, binding on the party who makes them. [J]udicial admissions are proof possessing the highest possible probative value. Indeed, facts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them. Consequently, where a defendant admits a particular fact in his answer, he is estopped to deny it later. Even if the post-pleading evidence conflicts with the evidence in the pleadings, admissions in the pleadings are binding on the parties and may support summary judgment against the party making such admissions.

Cordle v. Koch Foods, LLC, No. 4:13-CV-0076-HLM, 2014 WL 12576635, at *5 (N.D. Ga. Aug. 7, 2014) (citations omitted); see also Warner Bros. Entm't v. X One X Prods., 840 F.3d 971, 978 (8th Cir. 2016) (internal quotation marks omitted) ("A judicial admission is a formal admission before a court . . . . [J]udicial admissions are binding for the purpose of the case in which the admissions are made including appeals.").

The Court agrees with Trustee. Trustee's complaint set out the following allegation in paragraph 10:

> At one time Bill owned a ten-acre building site in Floyd County. The legal description is contained in Statement 18d, a copy of which is attached hereto. According to Bill, Bill transferred his interest in the ten-acre building to Blue Mountain on or about February 8, 2011.

In its answer, Blue Mountain "admits to the extent that some property as identified in 18d was transferred to Blue Mountain." The Court finds that this admission is "deliberate, clear, and unambiguous." W.D. Larson Cos. V. Koele (In re Koele), Bankr. No 16-00971, Adv. No. 16-09045, 2017 WL 6550495, at *3 (Bankr. N.D.

7

Iowa Dec. 20, 2017) (internal quotation marks omitted) (quoting Acciona Windpower N. Am., LLC v. City of W. Branch, Iowa, 847 F.3d 963, 968 (8th Cir. 2017)). As a result, this admission "acts as a substitute for evidence in that it does away with the need for evidence in regard to the subject matter of the judicial admission." Id. (internal quotation marks omitted) (quoting Warner Bros. Entm't, Inc., 840 F.3d at 978). Indeed, this admission is "proof possessing the highest possible probative value." Cordle, WL 12576635, at *5. Accordingly, the Court finds, based on Blue Mountain's admission in its answer, that Debtor transferred his interest in the property to Blue Mountain. Blue Mountain is barred from arguing otherwise.

## II. Actual Intent to Hinder, Delay, or Defraud

Because Blue Mountain is barred from arguing that Debtor did not transfer the real estate, there are no genuine issues of material fact. The parties dispute only whether, based on those facts, Trustee is entitled to judgment as a matter of law. Blue Mountain argues that the undisputed facts are insufficient to show that Debtor made the transfer "with actual intent to hinder, delay, or defraud" under § 548. Trustee argues that the undisputed facts support such a finding.

This Court has previously ruled in two other adversaries in this case, on almost exactly the same facts, that Debtor transferred property "with actual intent to hinder, delay, or defraud." Sergeant v. B & E Vorhes Tr. (In re Vorhes), Bankr.

8

No. 16-1577, Adv. No. 17-9007, 2017 WL 6550497 (Bankr. N.D. Iowa Dec. 20, 2017); Ruling on Motion for Summary Judgment, Sergeant v. Iowa Connection Tr. (In re Vorhes), Bankr. No. 16-1577, Adv. No. 17-9008, (Doc. 51) (Bankr. N.D. Iowa Feb. 5, 2018) (following Sergeant v. B & E Vorhes Tr.). In those cases, like this one, Debtor transferred property to an insider trust, while a lawsuit was pending against him, without receiving anything in return, and retained possession or control over the property. In re Vorhes, 2017 WL 6550497, at *4; In re Vorhes, Bankr. No. 16-1577, Adv. No. 17-9008, (Doc. 52) at 2–3. In those cases, the Court found that these "[f]our badges of fraud are enough to support a finding of actual intent to hinder, delay, or defraud creditors under Iowa Code § 684.4." In re Vorhes, 2017 WL 6550497, at *4 (citing Johnson v. Ventling, 852 N.W.2d 20 (Iowa Ct. App. 2014)).

    Trustee brings this action, however, under federal bankruptcy law, not Iowa law imported through § 544. In particular, Trustee's present motion for summary judgment relies on § 548(e), not Iowa Code § 684.4. Trustee notes, however, that both statutes use precisely the same intent language: "with actual intent to hinder, delay, or defraud." Compare 11 U.S.C. § 548(e)(1)(D) with Iowa Code § 684.4(a). Trustee concludes that, as in the previous cases where the Court found that Debtor made the transfers "with actual intent to hinder, delay, or defraud" under Iowa law,

9

the Court should similarly find that Debtor made this transfer with "with actual intent to hinder, delay, or defraud" under bankruptcy law.

Blue Mountain argues that there is not sufficient evidence to find "actual intent to hinder, delay, or defraud" under the Bankruptcy Code. Blue Mountain argues that the proper standard of proof under the Bankruptcy Code is clear and convincing evidence. For authority, it quotes the following:

> In order to avoid a transfer under § 548(a)(1), actual fraudulent intent must be established by the trustee and must be proved by clear and convincing evidence. Further, evidence established must present a clear pattern of purposeful conduct. Mere suspicion of fraud does not suffice.

Bumgardner v. Ross (In re Ste. Jan-Marie, Inc.), 151 B.R. 984, 987 (Bankr. S.D. Fla. 1993) (citations omitted). Blue Mountain concludes that Trustee has not provided evidence here to show fraud by "clear and convincing evidence."

Blue Mountain is correct that "clear and convincing evidence" is the proper standard of proof for an action under § 548. See In re Krantz, 97 B.R. 514, 519 (Bankr. N.D. Iowa 1989) ("This Court has held that in the context of a complaint to set aside a transfer as a fraudulent conveyance pursuant to § 548 . . . the level of proof required is . . . preponderance of evidence . . . . The Court now holds the burden of proof is clear and convincing evidence."). This is, however, the same standard of proof under Iowa law. Id. ("The Iowa Supreme Court appears to hold that in matters concerning fraud . . . the complainant must prove fraud by clear,

10

convincing and satisfactory evidence."). In the previous cases, the Court found fraudulent intent under Iowa law. Accordingly, Blue Mountain is incorrect that the burden of proof is higher here than it was in the previous cases. The same standard of proof that applied in those cases applies here.

The Court finds, as in the previous adversaries in this case, that the undisputed evidence shows that Debtor transferred the real estate with "with actual intent to hinder, delay, or defraud." As in those cases, the undisputed evidence here shows that Debtor transferred property to an insider trust, while a lawsuit was pending against him, without receiving anything in return, and retained possession or control over the property. Debtor used the services of a non-lawyer in establishing the trust. He and his family were again the beneficiaries of the trust. He transferred the real estate to the trust while a lawsuit was pending against him for no consideration. He made this transfer along with other transfers under almost exactly the same circumstances. This pattern of transferring property into insider trusts in an attempt to keep property out of the reach of a potential judgment creditor is precisely the kind of "clear pattern of purposeful conduct" that supports a finding of actual fraud.

Looking at the record as a whole—especially in light of the many similar transfers which the Court has already found to be fraudulent—the Court must conclude that Debtor transferred the real estate at issue "with actual intent to

11

hinder, delay, or defraud." There is no evidence to suggest otherwise. Accordingly, the Trustee may avoid the transfer under § 548(e).

### III. Exemption

Finally, Blue Mountain argues that Trustee cannot avoid the transfer because the real estate at issue is exempt homestead property. In its previous ruling on summary judgment, the Court addressed Trustee's cause of action under § 544, which makes applicable Iowa Code § 684.4. In re Vorhes, 2018 WL 799151, at *2. The Court noted that, under Iowa Code § 684.4, "a transfer of exempt property is not fraudulent." Id. Blue Mountain argues that this reasoning also applies here.

Trustee argues that this case is different because it relies on 11 U.S.C. § 548(e), not Iowa Code § 684.4. Trustee argues that under § 548(e), even a transfer of exempt property is avoidable as a fraudulent transfer. Trustee relies on Sullivan v. Welsh (In re Lumbar), 457 B.R. 748 (B.A.P. 8th Cir. 2011). In that case, the Eighth Circuit Bankruptcy Appellate Panel addressed this very issue. Id. at 753. The B.A.P. reasoned:

> Because the Bankruptcy Court essentially concluded that exempt property in Minnesota cannot be fraudulently transferred per se, the language of § 548 notwithstanding, the Bankruptcy Court did not discuss the elements of § 548. While we recognize that property interests are determined by state law and, therefore, the nature of the Debtor's interest in the property at issue here—the first element of § 548(a)(1)(B)—must be analyzed under Minnesota law, the question of whether the Debtor's transfer of that interest was fraudulent under the other elements § 548 is not. In other words, **while state law determines the nature of a debtor's interest in property, it does not**

12

> **determine whether a transfer of that interest is fraudulent under § 548.** Indeed, if the Bankruptcy Court is correct that courts are to look to the same state fraudulent transfer law under § 548 as under § 544, then no purpose would be served by § 548. Therefore, the Bankruptcy Court erred by failing to analyze the transfer of the Debtor's property under the elements of § 548.

Id. (emphasis added). The B.A.P. concluded: "[T]he Code anticipates that the Trustee may recover fraudulent transfers of property which the debtor could have claimed as exempt had the debtor still owned such property at the time the bankruptcy case was filed." Id. at 754.

Blue Mountain attempts to distinguish Lumbar on the basis that it addressed an action under § 548(**a**), not § 548(**e**). Blue Mountain provides no further reason to distinguish Lumbar or explain how claims under § 548(e) and § 548(a) differ such that Lumbar does not apply here. The Court sees no such reasoning.

The B.A.P. decision in Lumbar applies here and conclusively resolves the issue. Whether Debtor's interest in the real estate he transferred to Blue Mountain was exempt "does not determine whether a transfer of that interest is fraudulent under § 548." Id. at 753. The B.A.P decision is clear that the exemption status of the property is irrelevant to whether the transfer is avoidable under § 548. Id. Accordingly, Trustee may avoid the transfer under § 548(e) even if the real estate was exempt as Debtor's homestead at the time of the transfer.

13

## CONCLUSION

**WHEREFORE**, Trustee's Motion for Summary Judgment (11 U.S.C. § 548(e)) is GRANTED.

**FURTHER**, Trustee is to submit a proposed order, declaring that the transfer is avoided and vesting title in the estate, within 10 days of this ruling.

Dated and Entered:

March 29, 2018

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE